(C.D. 2134)

ST. JOSEPH'S CHURCH *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 13, 1959)

*Lawrence & Tuttle* (*Barnes, Richardson & Colburn* by *Edward N. Glad* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff* and *Richard E. FitzGibbon*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The plaintiff in this case, a Roman Catholic church, imported an article described on the invoice as "1 Marble Episcopal Sedilia with Venetian Mosaics & Velvet." The article was assessed with duty at the rate of 25 per centum ad valorem under the provision in paragraph 232(d) of the Tariff Act of 1930, as modi-

fied by T.D. 51802, for articles of which marble is the component material of chief value, not specially provided for.

As in force and effect at the time of importation of the involved article, paragraph 1774 of the free list of the Tariff Act of 1930 read as follows:

PAR. 1774. Altars, pulpits, communion tables, baptismal fonts, shrines, or parts of any of the foregoing, and statuary (except cases of plaster of paris, or of compositions of paper or papier-mâché), imported in good faith for the use of, either by order of or for presentation (without charge) to, any corporation or association organized and operated exclusively for religious purposes.

No question arises as to the circumstances of the importation of the sedilia in this case, it having been stipulated by counsel for the parties that the same was imported in good faith for presentation without charge to and for the use of a corporation or association organized and operated exclusively for religious purposes. By its protest, the plaintiff in this case contends that the sedilia is entitled to free entry under the foregoing provision for "pulpits, * * * or parts of [pulpits]," and the case was tried and briefed on the question of whether the article at bar is a pulpit or a part thereof within the meaning of the terms as used in paragraph 1774, *supra*.

According to the evidence offered at the trial, a sedilia is a chair-like affair, having three seats, and set upon a platform raised from the floor of the sanctuary. The sedilia at bar is made of marble, having mosaics inset therein, and with velvet padding attached to the seats and backs.

The uncontradicted evidence is that a sedilia is used sometimes as a seat for the officiating clergy during portions of the services conducted in Roman Catholic churches, and that at other times it is used as a sort of secondary pulpit. In the latter use, it is as a place at which a priest may stand while reading certain gospels or scriptures, or, when two priests deliver a question-and-answer form of preaching, the sedilia is the place where one priest stands, the other priest occupying the pulpit proper.

We think there is no question but that the "episcopal sedilia" at bar is essentially of the same nature as the bishop's throne which was part of the subject matter of the decision of our appellate court in the case of *Stone & Downer Co.* v. *United States*, 21 C.C.P.A. (Customs) 440, T.D. 46945, and therein held to be entitled to free entry under the predecessor provision, paragraph 1674 of the Tariff Act of 1922, of paragraph 1774 of the present act.

The basic descriptions of the two articles are the same, and while it appears that the bishop's throne in the *Stone & Downer Co.* case was especially reserved only for the use of the bishop as the place in his cathedral where he sits during solemn and official occasions and from which he preaches, it appears that the sedilia at bar has

the same functions for clergy of lesser rank than a bishop, i.e., a seat occupied during certain services and a place from which at times preaching is done.

We are of the opinion that the reasoning given and the authorities cited by the majority of our appellate court in the *Stone & Downer Co.* case, *supra*, apply equally well to the sedilia at bar and the application thereto of the statutory language involved. We, therefore, hold that the common meaning of the term "pulpits * * * or parts of [pulpits]" as used in paragraph 1774 embraces the sedilia at bar.

Since the decision was rendered in the *Stone & Downer Co.* case, Congress has twice amended paragraph 1774 (June 12, 1952, 66 Stat. 137, and August 6, 1956, 70 Stat. 1066) and in each amendment reenacted without change the language which was construed in the said *Stone & Downer Co.* case and held to be applicable to the article there involved. We are of the opinion that the presumption of legislative adoption of judicial construction is here applicable and further supports the conclusion we have reached. *International Expediters, Inc.* v. *United States*, 41 C.C.P.A. (Customs) 156, C.A.D. 543.

Judgment will, therefore, issue sustaining the protest claim for free entry under paragraph 1774, *supra*, as amended.